**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4422
_____

UNITED STATES OF AMERICA

v.

RAFAEL MARCANO,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-08-cr-00504-001)
District Judge:  Honorable James Knoll Gardner

_____

Submitted under Third Circuit LAR 34.1(a)
on July 12, 2012

Before:  FUENTES, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: January 3, 2013)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge:

Rafael Marcano appeals his November 23, 2009, judgment of conviction.  For the

following reasons, we will affirm the judgment of the District Court.

## I. BACKGROUND

At the time of his arrest and the disputed search of his residence, Marcano was on parole for a felony drug offense under the supervision of the Pennsylvania Board of Probation and Parole. The conditions of his parole included two relevant terms. First, Marcano was required to receive written permission from the parole supervision staff before changing his residence from his approved address of 716 Railroad Street, Allentown, Pennsylvania. Second, Marcano had consented to the search by parole officers without a warrant of his person, property, and residence, as well as the seizure of items that constituted a violation of his parole.

In August 2007, Marcano was granted permission by his parole officer to change his address from 716 Railroad Street to 1020 Tioga Street. On March 26, 2008, an anonymous telephone caller told parole officers that Marcano was selling large quantities of drugs and living at either 716 Railroad Street or 133 Tilghman Street. On April 24, 2008, the parole office received information from an Allentown detective that Marcano appeared to be living at 133 Tilghman. The parole officer confirmed with the Allentown police that Marcano had been living there for five months. On April 29, Marcano's parole officer met with Marcano regarding a traffic citation. Marcano had told police during a traffic stop that he lived at 716 Railroad Street but claimed during his conversation with the parole officer that he only gave that address because it was listed on his license. Marcano maintained that throughout this period he was living at 1020 Tioga Street, which was his only approved address.

Police officers saw Marcano on April 1, 2008, in an alley behind the 100 block of Tilghman Street, handing an item to someone and receiving money in exchange. Based on that observation and a subsequent search of the individual, an arrest warrant was issued for Marcano. On May 14, police officers saw Marcano behind the 133 Tilghman Street apartment and arrested him on the warrant. Marcano told police during the arrest that he was staying at 716 Railroad Street. Police confirmed with the owner of 133 Tilghman that Marcano was renting the first floor apartment there. Police then called Marcano's parole officer to tell him that Marcano had been arrested. Parole officers were also told that the name "R. Marcano" was taped to the mailbox for 133 Tilghman.

The parole officers searched the apartment while the police officers waited outside. They discovered paraphernalia associated with heroin distribution and a bag containing what appeared to be cocaine. The parole officers invited the police officers into the apartment and showed them what they had discovered. All the parole officers and police then exited the apartment. The detective investigating Marcano prepared a search warrant application and an affidavit that described Marcano's arrest, the search and discoveries of the parole agents, and the detective's experience in drug investigations that led him to believe that more evidence would be found in the apartment. A magistrate judge issued the warrant. Police executed the warrant and seized drugs, paraphernalia, weapons, and a large amount of cash.

The District Court held a suppression hearing on the physical evidence seized from the apartment. The motion was denied. Marcano then pled guilty on charges of possession with intent to distribute, possession of a firearm in furtherance of drug

3

trafficking, and felon in possession of a firearm, but reserved the right to challenge the suppression ruling on appeal. On November 5, 2009, Marcano was sentenced to a total term of imprisonment of 240 months, to be followed by five years of supervised release.

Marcano appealed.

## II. DISCUSSION

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the denial of a motion to suppress for clear error as to the underlying factual determinations and exercise plenary review over the application of the law to those facts. *United States v. Williams*, 417 F.3d 373, 376 (3d Cir. 2005).

### A. Reasonable Suspicion for Parole Search

Marcano first argues that the search of his residence by parole officers violated his Fourth Amendment rights. However, parolees who have consented to warrantless searches have reduced expectations of privacy. *Id.* (citing *United States v. Knights*, 534 U.S. 112, 119 (2001)). Parole officers with reasonable suspicion may perform warrantless searches for the purpose of determining whether conditions of parole have been violated. *Id.* An analysis of reasonable suspicion considers, under the totality of the circumstances, whether the officer "has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu,* 534 U.S. 266, 273 (2002) (internal quotation marks omitted).

Marcano contends that we should consider, under the totality of the circumstances, whether state parole officers actually had reasonable suspicion or were "cajoled" by

4

police into entering. However, this analysis would require an impermissible inquiry into the underlying motivations or "official purpose" of a parole officer conducting such a search. *See Williams*, 417 F.3d at 377-78.

Here, reasonable suspicion existed that Marcano had violated the terms of his parole by living at 133 Tilghman Street. Questions as to his actual address arose from the traffic stop and the anonymous tip to the parole office. The police investigation turned up credible evidence that Marcano was residing at 133 Tilghman. With "R. Marcano" taped to the mailbox outside 133 Tilghman, the evidence supporting reasonable suspicion was overwhelming at the time of entry.

## B. Warrantless Entry by Police

Marcano next argues that, even if the parole officers had the requisite reasonable suspicion to conduct the search, the subsequent warrantless entry by police at the invitation of the parole officers violated the Fourth Amendment. Thus, what they saw could not be the basis for probable cause. In *United States v. Brown*, the Eighth Circuit Court of Appeals determined that the presence of law enforcement officers during a parole search did not violate the Fourth Amendment. 346 F.3d 808, 812 (8th Cir. 2003) (citing *Knights*, 534 U.S. 112, 115 (2003)). In doing so, the court balanced "any additional privacy intrusion resulting from the presence of the additional personnel against the legitimate interests advanced by their presence." *Id*. Here, the additional intrusion was minimal and without consequence, as police did not actually participate in the search. Everything seen by police had already been discovered by the parole officers. Therefore, probable cause based on the items in the apartment was not "the product of

5

illegal governmental activity." *United States v. Crews*, 445 U.S. 463, 471 (1980). Thus, the warrantless entry by police at the request of parole officers did not require the exclusion of evidence in this case.

### C. Probable Cause for Search Warrant

Marcano next argues that the affidavit did not present probable cause for the magistrate to issue the search warrant. Where the district court has based its probable cause ruling solely on the affidavit, our standard of review is plenary. *United States v. Conley*, 4 F.3d 1200, 1204 (3d Cir. 1993). However, "both we and the district court exercise only a deferential review of the initial probable cause determination made by the magistrate." *Id.* at 1205. In addition, the magistrate judge "may give considerable weight to the conclusions of experienced law enforcement officers regarding where evidence of a crime is likely to be found and is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." *Whitner*, 219 F.3d at 296.

Marcano also contends that information in the affidavit relating to the arrest warrant and drug activity at 133 Tilghman was too old to support probable cause. However, here the warrant was actually premised on the parole officers' search, rather than the earlier facts that had created probable cause for the arrest warrant. Because the magistrate could infer from the totality of the circumstances described in the affidavit that the parole officer's search was very recent, there is no defect to the warrant based on staleness.

6

Marcano further argues that the affidavit lacked a sufficient nexus between Marcano and the criminal conduct, or between Marcano and 133 Tilghman. This assertion ignores the fact that the affidavit was based on the products of the parole officer's search of the residence. "[S]earch warrants are directed, not at persons, but at property where there is probable cause to believe that instrumentalities or evidence of crime will be found." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir. 1983).

## III. **CONCLUSION**

Therefore, for the above reasons, we will affirm the judgment of the District Court.